IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IN THE MATTER OF                          )
ARMANDO GARCIA DE LA CRUZ    )      Case No. CIV-14-1209-F

REPORT AND RECOMMENDATION

I.   Background.

Plaintiff is a federal prisoner, appearing pro se and in forma pauperis, who commenced a civil action in the District of Nebraska. Docs. 1, 7, 13. He complains of the deliberate indifference to his serious medical needs by Defendants United States of America, Federal Bureau of Prisons, and numerous individuals employed in multiple federal correctional facilities including the Federal Transfer Center, located within the territorial jurisdiction of the Western District of Oklahoma. Docs. 1, 13. A United States District Judge for the District of Nebraska determined that the District of Nebraska was an improper venue for Plaintiff's action and transferred the action to the Northern District of Texas. Doc. 12.

A United States Magistrate Judge in the Northern District of Texas, Dallas Division, then entered an order sua sponte, finding that "[p]ursuant to Miscellaneous Order No. 6, the United States Magistrate Judge is authorized to transfer cases by *pro se* parties to the proper or appropriate district or division."

Doc. 18, at 1.[1] The United States Magistrate Judge directed the Clerk of Court to transfer Plaintiff's *claims* against the employees of the Federal Transfer Center to the Western District of Oklahoma. *Id.* at 2. He ordered the transfer of other claims to various other district courts and retained Plaintiff's claims pertaining to FCI Seagoville as it is located within the territorial jurisdiction of the Northern District of Texas, Dallas Division. *Id.* at 2-3.

After the claims were transferred to this Court and the above-captioned number assigned, United States District Judge Stephen P. Friot referred the matter to the undersigned for preliminary review and initial proceedings pursuant to 28 U.S.C. § 636(b)(B), (C). For the reasons stated, the undersigned recommends that Judge Friot direct the Clerk of Court to retransfer Plaintiff's claims to the Northern District of Texas, Dallas Division.

## II.  Analysis.

The order directing the transfer of certain of Plaintiff's claims to this Court is silent as to the statutory basis for the transfer. *Id.* Because the

---

[1] Order No. 6 is publically available on that Court's Web site. *See* http://www.txnd.uscourts.gov/pdf/misc_orders/misc06_3-25-96.pdf. Rule 2 of Order No. 6 states that a magistrate judge in the Northern District of Texas "is authorized . . . to perform the following duties in all actions filed by [pro se parties]: Order that the *matter* be transferred to another district or division if venue is not properly laid in the Northern District of Texas or the particular division in which the action was filed, or when venue is more appropriate in another district or division." *See id.* Rule 2(a)(3) (emphasis added).

transferor court did not find that venue was improper, *see* 28 U.S.C. § 1406(a), the undersigned presumes the transfer was pursuant to 28 U.S.C. § 1404(a) which allows a district court to "transfer any civil action to any other district . . . where it might have been brought . . . ." But "Section 1404(a) only authorizes the transfer of an entire action, not individual claims." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991).

Nonetheless, "where certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result; a district court may transfer one action while retaining jurisdiction over the other." *Id.* at 1519. "When transferring a portion of a pending action to another jurisdiction, district courts first must sever the action under Rule 21 before effectuating the transfer." *Id*; *see also David v. Signal Intern., LLC*, Nos. 08-1220, 12-557, 2013 WL 5740318, at *2 (E.D. La. Oct. 22, 2013) (unpublished order and reasons).

There is no indication in the transfer order that the United States Magistrate Judge considered the factors implicated by Fed. R. Civ. P. 21, *see Chrysler Credit Corp.*, 928 F.2d at 1519, or his authority to sever an action. Doc. 18. In any event, there is no order by the transferor court severing the claims that were transferred to this Court into a separate action pursuant to Fed. R. Civ. P. 21. *Id.* Thus, these claims remain part of the civil action pending in the

transferor court and retransfer of the claims to the Northern District of Texas, Dallas Division, is recommended.

### III. Recommendation.

For the reasons stated, the undersigned recommends that Judge Friot direct the Clerk of Court to retransfer Plaintiff's claims to the Northern District of Texas, Dallas Division, and to close this file.

This recommendation is nondispositive of Plaintiff's claims. *See* Fed. R. Civ. P. 72(a). But whether a United States Magistrate Judge in this District has the authority to order a transfer is not certain. As such, the undersigned is recommending, rather than ordering, the retransfer of claims.

The court advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by December 3, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. The court further advises the parties that failure to timely object to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned United States Magistrate Judge in the captioned matter.

ENTERED this 13th day of November, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE